1  Dennis P. Wilson, Esq. (Cal. Bar No. 133288)
2  Daniel P. Hunt, Esq. (Cal. Bar No. 239412)
   **Law Offices of Dennis P. Wilson**
3  3322 W. Victory Boulevard
   Burbank, California 91505
4  T: (818) 843-1788 / F: (818) 450-0362

5  Philip A. Downey, Esq. (*pro hac vice application pending*)
   Pennsylvania Bar ID No. 81603
6  **The Downey Law Firm, LLC**
   P.O. Box 1021
7  Unionville, Pennsylvania 19375
   T: (610) 324-2848 / F: (610) 643-4532
8
9  Attorneys for Plaintiffs

10

11                    UNITED STATES DISTRICT COURT

12        EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

13
   CHRISTINA BARBOSA and PATRICIA          Case Number: 1:11-cv-00275-OWW-SKO
14 AGUILLERA BARRIOS, on behalf of
   themselves and all other similarly situated   **FIRST AMENDED COMPLAINT**
15 individuals,
                                                 **JURY TRIAL DEMANDED**
16                    Plaintiffs,

17 vs.

18 CARGILL MEAT SOLUTIONS CORP.,
   and DOES 1-50,
19
                      Defendants.
20

21

22                      **CLASS ACTION COMPLAINT**

23        Plaintiffs, Christina Barbosa and Patricia Aguillera Barrios, on behalf of themselves and all other

24 similarly situated individuals ("Plaintiffs"), brings this lawsuit against Defendant, Cargill Meat Solutions

25 Corp. (hereinafter, "Defendant") seeking to recover for Defendant's systematic violations of the

26 California Labor Code  Sec. 1194 (overtime), Sec. 512 (meal periods),  and  for  engaging  in  unfair

27 competition  and  violating California's Unfair Competition Law.  Business & Professions Code Sec.

28 17200, et seq. Plaintiffs allege, upon information and belief, except as to the allegations that pertain to

                                            1

the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

## I.    INTRODUCTION

1.      This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Defendant's meat processing facility in Fresno, California, for the purpose of obtaining relief under California law for, inter alia, unpaid wages, unpaid overtime wages, failure to provide meal periods per California law, and for engaging in unfair business practices.   All California claims seek, in addition to actual damages, liquidated damages, costs and attorneys' fees.

2.      Defendant previously sued and settled a previous case, *Salcido et al v. Cargill Meat Solutions Corp., et al*, 1:07-cv-01347-LJO-GSA, with similar allegations as to the instant action.  The class period in that case for the California state law claims was September 14, 2003 through the date of Preliminary Approval, January 27th, 2009.  Thus, the instant action has a class period commencing January 28th, 2009. *Preliminary Approval Order* and *Final Order*, attached hereto as Exhibit "A".

3.      During the applicable class period, Defendant has failed to pay Plaintiffs and all other similarly situated individuals for all hours of work they performed in addition to overtime as required by California law during meal breaks and breaks. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment and gear, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work activity and before the last compensable work activity during meal breaks and rest breaks.

4.      At all times relevant to this Complaint, Defendant has failed to offer a 30 minute meal break in violation of California law, as non-exempt hourly production employees are uniformly required to perform work activities during their meal breaks.

5.      Plaintiffs and the Class never receive, nor received their 30 minute meal break within 5 hours of starting work, as their work begins well before the work clock starts.  In other words, the work clock records the time that employees are actually engaged in meat processing activities; however, it does not record their pre-production start time work activities.  Thus, the Defendant, in violation of

California law, does not offer, nor allow the Plaintiffs and the Class the opportunity to take a 30 minute meal break after 5 hours of work, or at any time during the continuous work day.

## II.   JURISDICTION AND VENUE

6.   Federal diversity jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 1332 (a)(1) & 1332 (d)(2) because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.   Venue is proper in their District pursuant to 28 U.S.C. § 1391 (c)).

## III.   PARTIES

8.   Plaintiff Christina Barbosa resides in Fresno County, California.

9.   Plaintiff Patricia Aguillera Barrios is a resident of Selma, Claifornia

10.   Defendant, is a Delaware corporation, with its principal places of business located in Witchita, Kansas and Wayzata, Minnesota.   Defendant can be served with original service of process through their agent for service, CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

11.   The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiffs, who therefore sues the Doe Defendants by fictitious names. Plaintiffs is informed, believes, and thereon alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiffs' and the Class damages as herein alleged. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

## IV.   CLASS ACTION ALLEGATIONS

12.   The Named Plaintiffs are individuals who currently and formerly, and during the applicable period of limitations prior to the commencement of this action, are/were employed by Defendant at its meat processing facilities in Fresno, California. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production and support employees of the Defendants meat processing facility in Fresno, California (the "Class").

3

13.    Plaintiffs' believe that there are at least 2000 present and former production and support employees during the relevant Class period preceding the date on which the instant action was filed.

14.    Pursuant to state and federal regulations and Defendant's own internal policies and procedures, Plaintiffs and class members are required to wear special personal protective equipment ("PPE") and gear for protection and sanitary reasons. PPE includes, inter alia, aprons, arm guards, steel/mesh gloves, plastic/rubber gloves, hairnets, scabbards, earplugs, frock coats, plastic/rubber arm sleeves, eye protection, and other protective equipment and coverings.  All of Defendant's production employees are required to wear PPE when working.  The PPE is designed to protect the workers from injury and illness, and the beef-consuming public from illness generated by human biohazards.

15.    During their unpaid 30-minute lunch breaks, Plaintiffs and Class members must search for an open hook on which to hang their PPE. They must then remove their PPE and hang it before proceeding off of the processing floor.  Prior to the conclusion of their 30 minute lunch break, Plaintiffs and Class members must return to their work stations many minutes before the line starts, in order to allow them sufficient time to re-don their PPE, and have their work station prepared to receive more Beef product.  Employees must also sanitize their hands during lunch and prior to resuming work.  All of these activities, under law, are work activities, which employees are required to perform during their unpaid 30 minute meal breaks, and Defendant does not compensate Plaintiffs and the Class members for the time it takes to perform these mandatory work activities.  Furthermore, as these are work activities, Defendant does not truly offer Plaintiffs and Class members the opportunity to take a full 30 minute break either for lunch, or when hourly employees work in excess of ten (10) hours in a given work day.

16.    Given the size of the facilities involved and the systematic nature of Defendants' failure to comply with California statutory law, the members of the Class are so numerous that joinder of all members is impractical and, thus, this matter is suitable for treatment as a class action.

17.    The Named Plaintiffs' claims are typical of the claims of the Class members because she is a non-exempt, hourly production line worker who, like the Class members, sustained damages arising out of Defendants' unlawful compensation system as described in more detail herein.

18.    Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs has retained counsel competent and experienced in complex class action wage and hour litigation.

4

19.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

a. Whether the work performed by Plaintiffs and the Class is included in the type of work Defendants employed Plaintiffs and the Class to perform;

b. Whether the work performed by Plaintiffs and the Class is compensable under California state law;

c. Whether Defendants have engaged in a pattern and/or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Class to perform work for Defendants' benefit which was not properly compensated;

d. Whether Defendants have failed to permit full meal and rest periods as required by California law, other applicable regulations, and/or Defendants' stated policies;

e. Whether Defendants have failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

f. Whether Defendants has failed to keep true and accurate time records for all hours worked by their employees as required by Defendants' respective policies and state law;

g. Whether Defendants failed to pay Plaintiffs and the Class for all of the work Defendants required them to perform;

h. Whether Defendants violated the California Labor Code  Sec. 1194, et seq., through their practice of not paying their employees for all time worked.

i. Whether the Defendants violated the California Labor Code Sec. 512 by requiring employees to perform work activities during their breaks and uncompensated meal periods/30 minute breaks;

j. Whether Defendants systematic failure to pay the class for all hours worked constitute unfair competition and thus a continuing violation of California's Business & Professions Code, Sec. 17200, et seq;

k. The nature and extent of class-wide injury and the measure of damages for the injury.

20.     Class action treatment is superior to the alternatives for the fair and efficient adjudication

5

of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendants' own employment records.

21.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class, and that would establish incompatible standards of conduct for Defendants.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

23.     Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

24.     The facts and circumstances relating to Defendants' compensation system vis-à-vis production time and employment-related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of The Unfair Competition Law.  Business & Professions Code, Sec. 17200, et seq.
### (Against All Defendants)

25.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

26.     Upon information and belief, the Class period for this cause of action is at least January 28, 2009 to the present.

27.     Defendants have violated the California Business & Professions Code, Sec. 17200, et seq., by deliberately failing to pay their class members for all hours worked, including overtime and for

6

requiring Class members to work during their meal and/or rest periods

28.     Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

29.     Defendant, despite having been sued in the recent past for virtually identical illegal activities, continues to refuse to offer its employees a full thirty minute meal break free of work activities.

30.     These illegal practice resulted in injury to the class and, indeed, placed the Defendants at a competitive advantage against competitors who obeyed California laws.

31.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
(Against All Defendants)

32.     Plaintiffs re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

33.     California Labor Code section 510(a) provides as follows:

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."

34.     The IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. section 11040, states:

"(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any

workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

35.   California Labor Code section 1194(a) provides as follows:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

36.   California Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

37.   Defendant's across-the-board policy of requiring Plaintiffs and the Class to perform substantial work for which they are not paid has been unlawful. As a result of this unlawful policy, Plaintiffs and Class Members have worked overtime hours for Defendant without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

38.   Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

39.   Defendant is liable to Plaintiffs and the Class alleged herein for the unpaid overtime and civil penalties (including the penalties described in Labor Code § 558 and other statutory penalties), with interest thereon. Furthermore, Plaintiffs and the class are entitled to an award of attorneys' fees and costs as set forth below.

40.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
(Against All Defendants)

41.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

42.   Labor Code section 201 provides:

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

43.   Labor Code section 202 provides:

"If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

44.   Labor Code section 203 provides, in relevant part:

"If an employer willfully fails to pay, without an abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid, or until an action therefore is commenced; but the wages shall not continue for than thirty days."

45.   Class members have left their employment with Defendant during the statutory period, at which time Defendant owed them their unpaid wages. Defendant willfully refused and continues to refuse to pay Class members all the wages that were due and owing them upon the end of their employment. As a result of Defendant's actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

46.   Defendant's willful failure to pay Class members the wages due and owing them constitutes a violation of Labor Code §§201-202. As a result, Defendant is liable to Plaintiffs and the Class members for all penalties owing pursuant to Labor Code §§201-203.

47.   In addition, section 203 provides that employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the class is entitled to penalties pursuant to Labor Code section 203, plus interest.

48.   Plaintiffs and the Class, are entitled to an of attorneys' fees and costs as set forth below.

49.   Wherefore, Plaintiffs and the class request relief as hereinafter provided.

9

1

2

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal and Rest Periods**
(Against All Defendants)

3       50.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

4   herein.

5       51.    California Labor Code sections 226.7 and 512 and the applicable IWC wage orders

6   require Defendant to provide its hourly employees with the opportunity to enjoy an uninterrupted full 30

7   minute meal break.  Labor Code section 226.7 and 512 and the IWC wage orders prohibit employers

8   from employing an employee for more than five hours without a meal period of not less than 30

9   minutes, and from employing an employee more than ten hours per day without providing the employee

10   with a second meal period of not less than 30 minutes. Section 226.7 and the applicable wage orders also

11   require employers to provide employees ten minutes of net rest time per four hours or major fraction

12   thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is

13   relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is

14   considered "on duty" and the meal or rest period is counted as time worked under the applicable wage

15   orders.

16       52.    Under section 226.7(b) and the applicable wage orders, an employer who fails to provide

17   a required meal period must, as compensation, pay the employee one hour of pay at the employee's

18   regular rate of compensation for each workday that the meal period was not provided. Similarly, an

19   employer must pay an employee denied a required rest period one hour of pay at the employee's regular

20   rate of compensation for each workday that the rest period was not provided.

21       53.    Despite these requirements, Defendant has knowingly and willfully refused to perform its

22   obligations to offer Plaintiffs and the Class with the off-duty meal and rest periods to which they are

23   entitled. Defendant has also failed to pay Plaintiffs and the Class one hour of pay for each off-duty meal

24   and/or rest period that they are denied and/or meal periods which have not started within 5 hours of the

25   commencement of work activities.  Defendant's conduct described herein violates California Labor

26   Code sections 226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code section

27   226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to provide meal and rest

28   periods, plus interest, attorneys' fees, expenses and costs of suit.

10

54.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Maintain Required Records/Penalty**
**(Cal. Lab. Code § 1174.5 *et seq.*)**
(Against All Defendants)

55.   Plaintiffs refer to and herein incorporate all of the above numbered paragraphs.

56.   Section 7 of IWC Order 4-1998 and its successor orders, 4-2000 and 4-2001, provides in relevant part:

"(A) Every employer shall keep accurate information with respect to each employee including the following: …(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded."

57.   Labor Code section 1174 provides in relevant part:

"Every person employing labor in this state shall: …(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years."

58.   Labor Code section 1174.5 provides:

"Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

59.   Upon information and belief, at all times relevant hereto, Defendants willfully failed to comply with Section 7 of IWC Order 4-1998, and its successor orders, 4-2000 and 4-2001, and with Labor Code § 1174, by failing to maintain certain records which employers are required to maintain, including records of hours worked, overtime, rest periods and meal periods provided to each employee. As a result of the failure to keep these required records, Defendants are subject to a civil penalty, pursuant to Labor Code § 1174.5, in the amount of $500.

11

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.      Damages and restitution according to proof at trial for all unpaid wages, unpaid overtime, and unpaid minimum wages and other injuries, as provided by the California Labor Code;

2.      For a declaratory judgment that Defendant has violated the California Labor Code and public policy as alleged herein;

3.      For a declaratory judgment that Defendant has violated Business and Professions Code section 17200 et seq., as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

4.      For preliminary, permanent and mandatory injunctive relief prohibiting Defendant, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

5.      For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

6.      For an order awarding Plaintiffs and the Class Members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

7.      For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

8.      For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure section 1021.5, and/or other applicable law;

9.      For all costs of suit; and

10.     For such other and further relief as this Court deems just and proper.

LAW OFFICES OF DENNIS P. WILSON

Dated: February 16, 2011                    By:   /s/ Daniel P. Hunt
                                                  Daniel P. Hunt
                                                  Attorneys for Plaintiffs

12

Exhibit "A"

1

2          **IN THE UNITED STATES DISTRICT COURT**

3          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5    SANTOS SALCIDO, et al.,                    CASE NO. CV-F-07-1347 LJO GSA
                                                (in consolidation with CV-F-08-0605 LJO GSA)
6                    Plaintiffs,
                                                **ORDER ON PRELIMINARY APPROVAL**
7            v.                                 **OF CLASS ACTION SETTLEMENT AND**
                                                **SETTING HEARING FOR FINAL**
8    CARGILL MEAT SOLUTIONS CORP,               **APPROVAL**
     et al.,
9
                     Defendants.
10   _____/

11

12          Pursuant to the Joint Notice of Motion for Preliminary Approval filed on January 27, 2009, the

13   parties in these two class actions have reached a proposed settlement and seek preliminary approval of

14   the proposed Settlement Agreement, the Notice of Proposed Class Action Settlement and the Individual

15   Class member Claim and Opt-in Form.  Having considered the Joint Motion and supporting papers, the

16   Settlement Agreement and the Exhibits attached thereto, the Court issues the following Orders:

17          1.      This Order incorporates by reference the definitions in the Settlement Agreement dated

18   January 27, 2009, attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval

19   ("Settlement Agreement") (Doc. 35) and all terms defined therein shall have the same meaning in this

20   Order as set forth therein.

21          2.      The Court hereby preliminarily approves the Settlement Agreement.   The Court

22   preliminarily finds that the Class members are similarly situated and meet the requirements for class

23   certification under F.R.C.P. 23 and as a collective action under 29 U.S.C. §216(b).  The Court further

24   preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of

25   a settlement that could ultimately be given final approval by this court.  It appears to the Court that the

26   Settlement Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced

27   against the probable outcome of further litigation.  It further appears that counsel for the Parties at this

28   time are reasonably able to evaluate their respective positions.  It further appears to the Court that

settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of these Actions. Additionally, it appears that the proposed Settlement Agreement was reached as a result of intensive, non-collusive, arms-length negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on May 12, 2009 at 8:30 a.m. in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Actions on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; whether the cases should be dismissed with prejudice pursuant to the terms of the settlement; whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; whether the Court should finally approve an enhancement payment for Santos Salicido, Guadalupe Alvarez, and Christina Barbosa and the amount of attorney fees and costs to be awarded Class Counsel, (1) Schnieder Wallace Cottrell Grayton Konecky, LLP, (2) Berger & Montague, P.C., and (3) The Downey Law Form, LLC.

4. The Court hereby approves, as to form and content, the proposed "Notice of Proposed Class Action Settlement"("Notice;" attached to the Settlement Agreement as Exhibit "A") and the "Individual Class Member Claim and Opt-In Form" (attached to the Settlement Agreement as Exhibit "B"). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Settlement Agreement meets the requirement of due process under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216(b); and that such Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

5. Any class member who wishes to receive a portion of the settlement fund must complete and submit a properly completed Claim Form, pursuant to the instructions for making a claim that are set forth in the Notice. Any class member who does not submit a Claim Form will not be entitled to any recovery, unless the parties agree to allow the late claim.

6. Any class member may choose to "opt-out" of and be excluded from the settlement as provided in the Notice by following the instructions for requesting exclusion from the Settlement Agreement that are set forth in the Notice. Any such person who chooses to "opt out" of and be

2

1  excluded from the class will not be entitled to receive any proceeds from this settlement, and will not
2  be bound by this settlement or have any right to object, appeal, or comment thereon.

3      7.    Any class member who has not validly requested exclusion from the class and the
4  Settlement Agreement may appear at the Fairness Hearing and may object or express his/her views
5  regarding the settlement, and may present evidence and file briefs or other papers, that may be proper
6  and relevant to the issues to be heard and determined by the Court, as provided in the Notice. However,
7  no class member or any other person shall be heard or entitled to object, and no papers or briefs
8  submitted by any such person shall be received or considered by the Court, unless the person on or
9  before that day which is 14 days before the hearing has filed with the Clerk of this court, and mailed by
10  first class postage to Class Counsel and Defendant's Counsel: (i) a written statement advising if the
11  individual plans to address the Court at the Fairness Hearing; (ii) a written statement of the individual's
12  objections; and (iii) any other papers which the individual purposes to submit to the Court, including any
13  legal briefs or memoranda. Any such person who does not make an objection in the manner provided
14  for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from
15  making any objection to the settlement.

16      8.    In the event the Settlement Agreement does not become effective in accordance with the
17  terms of the Settlement Agreement, or the Settlement Agreement is not finally approved, or is
18  terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and
19  void and shall be vacated, and the Parties shall revert to their respective positions as of before entering
20  into the Settlement Agreement.

21      9.    For purposes of effectuating this settlement, the Court preliminarily certifies the
22  following Settlement Class:

23      All current and former hourly production and support employees of
    Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef
24      Packers, Inc., and Beef Packers, Inc.'s meat-packing facility in Fresno,
    California between September 14, 2003 and the date of preliminary
25      approval (the "California State Claims Class")

26

    and
27

28      All current and former hourly production and support employees of
    Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef

1            Packers, Inc., and Beef Packers, Inc.'s meat-packing facility in Fresno,
California between September 14, 2004 and the date of preliminary
2            approval (the "FLSA Collective Class").

3

4        10.     For purposes of effectuating this settlement, the Court hereby appoints Class Counsel as

5 (1) Schnieder Wallace Cottrell Grayton Konecky, LLP, (2) Berger & Montague, P.C., and (3) The

6 Downey Law Form, LLC.  Plaintiffs Santos Salicido, Guadalupe Alvarez, Christina Barbosa are

7 appointed as Class Representatives.

8        12.     Rust Consulting, Inc., is appointed to act as the Settlement Administrator, pursuant to the

9 terms set forth in the Settlement.

10       13.     The Court approves a schedule and procedure for completing the final approval as

11 follows:

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

| CAFA Notice Sent by Claims Administrator | 5 business days after preliminary approval |
|---|---|
| Defendant Provides Class List to the Claims Administrator: | 10 business days after preliminary approval |
| Deposit of Settlement Funds by Defendant with the Claims Administrator, who will deposit the funds into Qualified Settlement Fund: | 20 days after preliminary approval |
| Class Notice and Claim Form Mailed to Class Members: | 25 days after preliminary approval (with reminder postcard mailed 30 days after initial mailing of Class Notice and Claim Form) |
| Attorneys' Fees Motion Filed: | 60 days after preliminary approval |
| Last Day to File Objections and Opt-Out Notices: | 60 days after mailing of Class Notice and Claim Form |
| Last Day to Submit Claim or Opt-In Form for FLSA action: | 180 days after preliminary approval |
| Last Day to File Motion for Final Approval of Settlement: | 81 days after initial mailing of Class Notice and Claim Form |
| Last Day to File Response to Objections (if any): | 81 days after initial mailing of Class Notice and Claim Form |
| Fairness Hearing and Fee Approval Hearing: | 96 days after preliminary approval |
| Payment of Attorneys' Fees: | 30 days after Final Approval (or 3 days if there are no objections) |
| Deadline for Payments of Claims to Class Members and Named Plaintiffs: | 30 days after Final Approval |
| Report on Settlement Administration to Court by Class Counsel (including affidavit by the Claims Administrator): | 180 days after initial mailing of Class Notice and Claim Form |

IT IS SO ORDERED.

Dated:     **February 2, 2009**                    **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE

5

1  Todd M. Schneider (SBN 158253)
   Guy B. Wallace (SBN 176151)
2  Carolyn H. Cottrell (SBN 166977)
   W.H. "Hank" Willson, IV (SBN 233321)
3  SCHNEIDER WALLACE
   COTTRELL BRAYTON KONECKY LLP
4  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
5  Tel: (415) 421-7100
   Fax: (415) 421-7105
6  TTY: (415) 421-1665

7  Shanon J. Carson (*admitted pro hac vice*)
   Russell D. Henkin (*admitted pro hac vice*)
8  BERGER & MONTAGUE, P.C.
   1622 Locust Street
9  Philadelphia, Pennsylvania 19103
   Tel: (215) 875-4656
10 Fax: (215) 875-4604

11 Philip A. Downey (*admitted pro hac vice*)
   P.O. Box 736
12 Unionville, Pennsylvania 19375
   Tel: (610) 324-2848
13 Fax: (610) 347-1073

14 Attorneys for Plaintiffs and the Classes

Joseph E. Tilson (*admitted pro hac vice*)
Jeremy J. Glenn (*admitted pro hac vice*)
Jacob M. Rubinstein (*admitted pro hac vice*)
MECKLER BULGER TILSON MARICK &
PEARSON LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606

Ronald H. Barsamian (SBN 81531)
BARSAMIAN & MOODY
1141 W. Shaw Ave, Ste. 104
Fresno, CA 93711

Attorneys for Defendants

15              **UNITED STATES DISTRICT COURT**

16              **EASTERN DISTRICT OF CALIFORNIA**

17 | SANTOS SALCIDO, GUADALUPE | Case Nos. 1:07-cv-01347-LJO-GSA and
18 | ALVAREZ, and CHRISTINA |                1:08-cv-00605-LJO-GSA
   | BARBOSA, on behalf of themselves and |
19 | all others similarly situated, | **ORDER GRANTING FINAL APPROVAL**
   | | **TO CLASS ACTION SETTLEMENT;**
20 |          Plaintiffs, | **GRANTING MOTION FOR SERVICE**
   | | **AWARDS TO THE CLASS**
21 |          vs. | **REPRESENTATIVES; GRANTING**
   | | **PLAINTIFFS' MOTION FOR**
22 | CARGILL MEAT SOLUTIONS CORP., | **REASONABLE ATTORNEYS' FEES AND**
   | CARGILL MEAT SOLUTIONS CORP. d/b/a | **COSTS; AND FINAL JUDGMENT AND**
23 | BEEF PACKERS, INC., and BEEF | **ORDER OF DISMISSAL WITH**
   | PACKERS, INC., | **PREJUDICE**
24 |          Defendants. | Date:   May 27, 2009
25 | | Time:   8:30 a.m.
   | | Dept.:  8
26 | | Judge:  Honorable Lawrence J. O'Neill

27

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE
AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES
AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
*Salcido/Barbosa, et al. v. Cargill, et al.*, Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA

1      The parties in this action have settled Plaintiffs' claims alleging unpaid wages and overtime

2    and other damages, penalties and interest due under the Fair Labor Standards Act, 29 U.S.C. § 201

3    *et seq.*, California Labor Code § 204, California Labor Code § 510, California Labor Code § 1194,

4    California Labor Code § 226.7, California Labor Code § 512, California Labor Code §§ 201-03,

5    California Business and Professions Code §§ 17200 *et seq.*, and all other Claims Released in the

6    Settlement Agreement between the parties.

7       Upon consideration of the parties' Joint Motion for Final Approval of Class Action

8    Settlement, Plaintiffs' Motion for Approval of Award of Attorneys' Fees and Costs Pursuant to

9    Fed. R. Civ. P. 23(h), and the parties' joint request at the Final Fairness Hearing for entry of a

10   Judgment and Order dismissing this action with prejudice, as well as all declarations submitted in

11   support of both motions, the proposed notices to class members and all other settlement documents

12   and the pleadings in the case as a whole, and having concluded that the settlement and

13   accompanying notices appear to be fair, reasonable, and in the best interest of the classes, the

14   Court hereby makes the following findings and conclusions of law:

15      1. On February 2, 2009, this Court granted preliminary approval to the parties' proposed

16   Settlement Agreement.

17      2. Notice of the proposed Settlement Agreement was subsequently sent to the Class

18   Members in accordance with the Court's Order Granting Preliminary Approval. The Court finds

19   that the notice sent to class members fairly and adequately informed them of the terms of the

20   settlement, was consistent with Federal Rule of Civil Procedure 23, and satisfied the requirements

21   of due process.

22      3. No objections were filed to the proposed class action settlement. As of May 27, 2009,

23   only three Class members have excluded themselves from the Settlement. The Settlement

24   Administrator, Ms. Amanda Myette of Rust Consulting, Inc., filed a Declaration with the Court

25   stating that as of May 22, 2009, 1,959 class members had filed claims on the settlement fund. The

26   Settlement Agreement does not provide for any reversion of funds to Defendants.

27      4. The Court finds that the Settlement Agreement is fair, reasonable and adequate. The

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE
AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES
AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
*Salcido/Barbosa, et al. v. Cargill, et al.*, Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA
1

1   settlement confers substantial benefits on the members of the plaintiff classes.  A review of the

2   papers submitted in support of final approval shows that the average award to the class members is

3   $1,405.13, and that the highest award is $7,650.88.  The Court finds that these are substantial

4   amounts in satisfaction of the meal period and off the clock claims made in this case.  Those

5   claims involved difficulties of proof in that, among other things, there are no written records

6   showing the amount of time allegedly worked off the clock.  Further, the members of the plaintiff

7   classes are transient low-wage workers, thus compounding the difficulty of proof.  In addition, the

8   Court notes that there has been significant uncertainty regarding the applicable standards for

9   proving off the clock claims and meal period claims.  *See, e.g., Brinker Restaurant Corp. v.*

10  *Superior* Court, 80 Cal.Rptr.3d 781, *review granted and opinion depublished*, 85 Cal.Rptr.3d 688

11  (October 22, 2008).

12      5.  The Court further finds that the settlement was negotiated with the assistance of a

13  mediator, Mr. Michael Loeb, Esq., and that the settlement negotiations were conducted at arms

14  length and were not collusive.  Further, competent and experienced counsel in the area of wage and

15  hour litigation on both sides conducted sufficient discovery to determine that the settlement was

16  fair to the class, and this Court finds that their judgment is entitled to weight.

17      6.  On May 27, 2009, the Court held a Fairness Hearing.  No members of the class appeared

18  at the Fairness Hearing to object.  One class member appeared at the Fairness Hearing in support

19  of the settlement.

20      7.  With respect to the award of reasonable attorneys' fees and costs sought by Plaintiffs'

21  Counsel, the Court finds that this case warrants an award of thirty-three and one-third percent of

22  the common fund, plus an award of reasonable litigation costs.  Plaintiffs' Counsel have conferred

23  substantial benefits on the members of the Plaintiff classes for the reasons described above.

24  Moreover, these substantial benefits were obtained by virtue of their timely and efficient handling

25  of this litigation.  The Court finds that the risks associated with litigating the claims in this case

26  were substantial because of the difficulties of proof noted above, and because of the uncertain state

27  of the substantive law in this area.  The Court finds that these factors are sufficient to support an

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE
AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES
AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
*Salcido/Barbosa, et al. v. Cargill, et al.*, Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA

2

1  eight-and-one-third percent upward adjustment from the twenty-five percent benchmark

2  established by the Ninth Circuit for fees based on common fund recoveries sought by Plaintiffs'

3  Counsel. Defendants make no objections to the fees sought by Plaintiffs' counsel herein, nor has

4  any class member made any such objection.

5       8. The Court noted during the Fairness Hearing that Plaintiffs' moving papers regarding

6  fees and costs sought to recover $66,900.75 (*See* Settlement Agreement ¶ 2n), whereas Plaintiffs'

7  submissions in support of final approval sought an award of costs in the amount of $74,466.36 (*see*

8  Motion for Approval of Award of Attorneys Fees and Costs at 14). Therefore, the Court directed

9  Plaintiffs' Counsel to file a supplemental declaration to explain this discrepancy and to support the

10  award of the further amount of costs. The Court has now received Plaintiffs' Counsel's

11  supplemental declaration.

12

13      IT IS HEREBY ORDERED THAT:

14      1. The Court GRANTS the parties' Joint Motion for Final Approval of Class Action

15  Settlement, finding that the parties' Settlement Agreement is fair, reasonable and adequate within

16  the meaning of Federal Rule of Civil Procedure 23(e) and applicable law. The Court gives final

17  approval to all the provisions contained within the Settlement Agreement. The Court finds for

18  purposes of this settlement that the Class members meet the requirements for class certification

19  under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b). The

20  Court further holds that the Settlement Agreement is fair, adequate and reasonable as to all

21  potential Class members, when balanced against the probable outcome of further litigation. At the

22  time the Settlement Agreement was negotiated, Counsel for the Parties were reasonably able to

23  evaluate their respective positions. This Settlement will avoid substantial additional costs to all

24  Parties, as well as the delay and risks that would be presented by further prosecution of these

25  Actions.

26      2. Pursuant to the Settlement Agreement, the Court hereby certifies the following settlement

27  classes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

All current and former hourly production and support employees of Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc.'s meat packing facility in Fresno, California between September 14, 2003 and the date of preliminary approval (the "California State Claims Class").

and

All current and former hourly production and support employees of Cargill Meat Solutions Corp., Cargill Meat Solutions Corp. d/b/a Beef Packers, Inc., and Beef Packers, Inc.'s meat packing facility in Fresno, California between September 14, 2004 and the date of preliminary approval (the "FLSA Collective Class").

The Court hereby appoints the following firms as Class Counsel in this matter: Schneider Wallace Cottrell Brayton Konecky LLP, Berger & Montague, P.C., and the Downey Law Firm, LLC.

3. The Court GRANTS Plaintiffs' motion for incentive awards in the amount of $10,000 to each of the three Class Representatives, Santos Salcido, Guadalupe Alvarez, and Christina Barbosa ($30,000 total). The Court finds that the Class Representatives were of genuine assistance in the conduct of this litigation, and that they acted in the best interests of the class.

4. The Court hereby GRANTS Plaintiffs' Motion for Approval of Award of Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 23(h), and finds that the amounts requested by Plaintiffs' Counsel are fair and reasonable. Plaintiffs' Counsel shall receive as their fee one third of the $7.5 million Gross Settlement Amount provided for in Paragraph 2(l) of the Settlement Agreement, or $2.5 million and shall receive reimbursement of $73,109.45 in expenses they incurred in prosecuting this litigation, as set forth in the supplemental declaration provided by Plaintiffs' Counsel at the request of the Court. These amounts shall be paid to Plaintiffs' Counsel in accordance with the Settlement Agreement. Fees and costs shall be paid to Class Counsel in accordance with Paragraph 29b.iii of the Settlement Agreement. The Claims Administrator is directed to make payment of these amounts as provided for in the Settlement Agreement.

5. This Order incorporates by reference the definitions in the Settlement Agreement dated January 27, 2009, attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval ("Settlement Agreement") (Doc. 35) and all terms defined therein shall have the same meaning in this Order as set forth therein.

6. The remainder of the Gross Settlement Amount that Defendants deposited with the

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Salcido/Barbosa, et al. v. Cargill, et al., Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA
4

1   Claims Administrator shall be distributed in accordance with the provisions set forth in the parties'

2   Settlement Agreement, with any interest accrued on the deposit proportionately distributed. The

3   Claims Administrator shall mail payment to the 1,959 class members who have already made

4   claims on the settlement fund by not later than June 9, 2009. In addition, the Claims Administrator

5   shall mail, on or before August 19, 2009, the appropriate settlement award to any additional class

6   member who submits a timely and proper claim form postmarked on or before August 3, 2009

7   pursuant to the Settlement Agreement. The Court approves the proposed $150,000.00 in fees and

8   costs as billed by the Claims Administrator (this is a maximum amount). In approving this

9   Settlement and the Plaintiffs' fee and cost application, the Court notes that there is no reversion to

10  Defendants of any part of the Gross Settlement Fund. Pursuant to Paragraphs 29(d) and 31 of the

11  Settlement Agreement, any portions of the Net Settlement Amount that is not claimed by Class

12  members shall be paid in equal parts to *cy pres* recipients The United Way of Fresno County and

13  the Employment Law Center of the Legal Aid Society.

14      7. The Court hereby Orders Class Counsel and the Settlement Administrator to submit a

15  report to the Court on the disbursement of the settlement funds herein by no later than August 28,

16  2009. The status report shall provide all details concerning the administration and distribution of

17  this Settlement.

18      8. The Court hereby enters final judgment in this case and dismisses it with prejudice in

19  accordance with the terms of the Settlement Agreement. The final judgment shall not bind any

20  class members who timely opted out of the settlement. There being no reason to delay entry of this

21  Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant

22  to Rule 54(b) of the Federal Rules of Civil Procedure.

23  ///

24  ///

25  ///

26  ///

27  ///

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
*Salcido/Barbosa, et al. v. Cargill, et al.*, Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA
5

9. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified Classes, and the Defendants for purposes of supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, this Order, and the distribution of all settlement payments and tax forms.

Dated: May 28, 2009

/s/ Lawrence J. O'Neill
HON. LAWRENCE J. O'NEILL
United States District Judge

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; GRANTING MOTION FOR SERVICE AWARDS TO THE CLASS REPRESENTATIVES; GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
*Salcido/Barbosa, et al. v. Cargill, et al.*, Case Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA
6