# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA BARBOSA, et al., | CASE NO. 1:11-cv-00275-LJO-SKO |
| Plaintiffs | |
| v. | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| CARGILL MEAT SOLUTIONS CORP., | (Docket No. 31) |
| Defendant. | |

## I. INTRODUCTION

On July 10, 2012, the parties filed a stipulated request for a protective order regarding confidential discovery materials. (Doc. 31.) The Court has reviewed the stipulation and request for a protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES without prejudice the parties' request.

## II. DISCUSSION

**A. The Parties Fail to Comply with Local Rule 141.1**

The stipulation and proposed order do not comply with Local Rules of the United States District Court, Eastern District of California, Rule 141.1. Pursuant to Local Rule 141.1(c), any proposed order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).  The stipulation and proposed order fail to contain any of this required information.

### 1. The Parties Fail to Provide a Description of the Type of Information Eligible for Protection Under the Proposed Protective Order

Under Local Rule 141.1(c)(1), the parties must provide "[a] description of the types of information eligible for protection under the order." Such information may be "provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." *Id*.

Here, the proposed protective order sets forth that protected information is "any Disclosure or Discovery Material that is designated as 'CONFIDENTIAL,'" and that confidential information or items are "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (Doc. 31, ¶¶ 2.2, 2.13.)

Rule 26(c) deals with general discovery provisions regarding protective orders, but does not provide a specific "description of the types of information eligible for protection." Local Rule 141.1(c)(1); *see also* Fed. R. Civ. P. 26(c). As such, the parties' broad definition of confidential information  fails to identify "the nature of the information" the parties seek to protect as required under Local Rule 141.1(c)(1).

### 2. The Parties Fail to Show a Particularized Need for Protection

Local Rule 141.1(c)(2) requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." The parties fail to show such a particularized need and simply state:

> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(Doc. 31, ¶ 5.1.)  This is far too broad and tenuous a category of information and provides no explanation as to why a particularized need for protection is required or what category of information is covered under the protective order.

### 3. The Parties Fail to Show Why the Need for Protection Should Be Addressed by Court Order

Local Rule 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties fail to address this requirement.

The Court can perhaps glean from the proposed protective order that the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. (*See* Doc. 31, ¶ 6.3.) However, it is unclear as to how the Court could decide on such a dispute since, as discussed above, there is no information provided in the proposed protective order defining confidential materials and therefore no guidance given to the Court as to how such a dispute should be resolved.

### B. The Parties' Stipulated Protective Order is Denied Without Prejudice

The parties may refile a revised stipulation and proposed order for a protective order that comply with Local Rule 141.1(c) and correct the deficiencies set forth in this order.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request for a protective order (Doc. 27) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

**Dated:   July 11, 2012**                    /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE