1  MECKLER BULGER TILSON MARICK & PEARSON LLP
   Joseph E. Tilson (admitted *pro hac vice*)
2  Jeremy J. Glenn (admitted *pro hac vice*)
   Jason E. Barsanti (Cal Bar No. 235807)
3  123 North Wacker Drive, Suite 1800
   Chicago, IL 60606
4  Tel: (312) 474-7900 / Fax: (312) 474-7898

5  BENT CARYL & KROLL, LLP
   Jesse M. Caryl (Cal Bar No. 208687)
6  6300 Wilshire Blvd., Suite 1415
   Los Angeles, CA 90048
7  Tel: (323) 315-0510 / Fax: (323) 774-6021

8  Attorneys for Defendant
   CARGILL MEAT SOLUTIONS CORP.

9  Alexander Russell Wheeler
10 Kitty Kit Yee Szeto
   R. Rex Parris Law Firm
11 43364 10th Street West
   Lancaster, CA 93534
12 Tel: 661-949-2595  Fax: 661-949-7524

13 Daniel Patrick Hunt (Cal Bar No. 239412)
   THE DOWNEY LAW FIRM, LLC
14 P.O. Box 3040
   South Pasadena, CA 91031
15 Tel: 310-254-4266 / Fax: (610) 813-4579

16 THE DOWNEY LAW FIRM, LLC
   Philip A. Downey, Esq. (*pro hac vice*)
17 Pennsylvania Bar ID No. 81603
   P.O. Box 1021
18 Unionville, PA 19375
   Tel: (610) 324-2848 / Fax: (610) 813-4579
19
   Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CHRISTINA BARBOSA and PATRICIA AGUILLERA BARRIOS, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CARGILL MEAT SOLUTIONS CORP., and DOES 1-50,<br><br>Defendants. | Case No. 1:11-cv-00275-OWW-SKO<br><br>STIPULATED PROTECTIVE ORDER |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties assert that information and materials for which they seek protection should be protected by a Court Order rather than by private agreement because the Court's public entry of such an Order would carry the weight of this Court's imprimatur and authorize exercise of its contempt powers over potential violators of this Protective Order.  A private agreement would lack that potential deterrent effect, would not provide sufficient remedies in the event of unwarranted disclosure, and, for those reasons, would not serve to fully protect the legitimate and substantial interests at issue in this Protective Order.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 and General Order 164 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     <u>Challenging Party</u>:  a Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: Materials or information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under this Stipulated Protective Order shall mean any documents, materials, items, or information designated by Plaintiff, Defendant, or any other third party as "Confidential" and is limited to the following categories.  The materials and information in categories (a) and (d) requires protection

because it is not disclosed to the public, it is proprietary and commercially sensitive, it is the product of Defendant's experience and expertise in its industry, and the public disclosure of said information to the general public and to Defendant's competitors in particular would place Defendant at a competitive disadvantage and harm Defendant's business.  The materials and information in categories (b) and (d) require protection in order to safeguard the confidential personal information of Defendant's employees who are not parties to this lawsuit and the dissemination of that information has the potential to lead to breach of their legally recognized privacy interests and subject them to possible identity theft.  The materials in category (c) are recognized as protectable under the Federal Rules of Civil Procedure.

      (a)    any document or item containing information of a proprietary, confidential, commercially valuable, and/or competitively sensitive nature which is not in the public domain or disclosed to the public including, but not limited to, Defendant's proprietary business plans, facility layouts, operations, and practices; customer information; proprietary computer systems, databases, and software; and/or revenue or other financial data and reports;

      (b)    the personnel information of Cargill Meat Solutions Corp.'s employees, other than the named plaintiffs, including but not necessarily limited to work histories, hiring and separation documentation; performance ratings and/or evaluations; compensation information including salaries, earnings, pay, bonuses, stock options, incentive compensation, and tax and benefit information; bank or other financial information; contact information including phone numbers, email addresses, and home addresses; medical and health-related information; information regarding internal company investigations; and information about disciplinary actions, including terminations, taken against past or present employees, and reasons for any such actions.

      (c)    In accordance with FRCP 5.2(d), social security numbers, taxpayer identification numbers, birth dates, minor's names, and financial account numbers.

      (d)    Any portion of deposition transcripts and exhibits thereto, interrogatory responses, admissions, or other discovery, testimony, or argument, or any other documents and things, and all information otherwise obtained from a party pursuant to discovery and/or trial in this litigation which contains to the Confidential Information described in paragraphs (a) through (b) above.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party through no unauthorized act or failure to act, or as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material,

1  documents, items, or communications for which protection is not warranted are not swept
2  unjustifiably within the ambit of this Order.

3     If it comes to a Designating Party's attention that information or items that it designated
4  for protection do not qualify for protection, that Designating Party must promptly notify all other
5  Parties that it is withdrawing the mistaken designation.

6     5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order,
7  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for
8  protection under this Order must be clearly so designated before the material is disclosed or
9  produced.

10     Designation in conformity with this Order requires:

11     (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but
12  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
13  Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.

14     A Party or Non-Party that makes original documents or materials available for inspection
15  need not designate them for protection until after the inspecting Party has indicated which
16  material it would like copied and produced. During the inspection and before the designation, all
17  of the material made available for inspection shall be deemed "CONFIDENTIAL." After the
18  inspecting Party has identified the documents it wants copied and produced, the Producing Party
19  must determine which documents qualify for protection under this Order. Then, before producing
20  the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each
21  page that contains Protected Material.

22     (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that
23  the Designating Party may identify on the record, before the close of the deposition, hearing, or
24  other proceeding, all protected testimony.

25     If the Party or Non-Party offering or sponsoring the testimony does not identify
26  protected testimony on the record, the Party or Non-Party that sponsors, offers, or gives the
27  testimony shall have up to thirty (30) calendar days following receipt of the final deposition
28  transcript to identify the specific portions of the testimony as to which protection is sought.  Only

1  those portions of the testimony that are appropriately designated for protection within the thirty
2  (30) calendar days following receipt of the final deposition transcript shall be covered by the
3  provisions of this Order.

4  During the period commencing with a deposition session and ending thirty (30)
5  calendar days following receipt of the final deposition transcript, the Parties shall afford the
6  information disclosed therein the level of protection designated by the Designating Party.  Only
7  persons authorized under the terms of this Order to receive Protected Material shall be present
8  during the portions of the deposition testimony so designated.

9  Transcript pages containing Protected Material must be separately bound by the
10 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as
11 instructed by the Party or Non-Party offering or sponsoring the witness or presenting the
12 testimony.

13 (c)     In the case of information produced on electronic media, such as disks,
14 CDs, tapes, etc., designation shall be made by placing the "CONFIDENTIAL" legend on the
15 exterior of the disk, CD, tape, or other media, and such designation shall apply to all contents of
16 the disk, CD, tape or other media.  When information is printed out from such media, the
17 Receiving Party shall ensure that each page of all copies of the printed-out material bears the
18 legend.

19 (d)     For information produced in some form other than documentary, and for
20 any other tangible items, that the Producing Party affix the "CONFIDENTIAL" legend on a
21 prominent place on the exterior of the container or containers in which the information or item is
22 stored.  If only portions of the information or item warrant protection, the Producing Party, to the
23 extent practicable, shall identify the protected portion(s).

24 5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to
25 designate qualified information or items does not, standing alone, waive the Designating Party's
26 right to secure protection under this Order for such material. Upon timely correction of a
27 designation, the Receiving Party must make reasonable efforts to assure that the material is
28 treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements set forth in the preceding paragraph.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or the original source of the information.

///

9
STIPULATED PROTECTIVE ORDER

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) immediately, and in no event more than three court days after receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) immediately notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (2)  promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (3)  make the Non-Party's confidential information requested available for inspection by the Non-Party.

  (c)  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests.

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. MISCELLANOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141 and General Order 164.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing

Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

R. REX PARRIS LAW FIRM

THE DOWNEY LAW FIRM, LLC

DATED: July 23, 2012        *s/ Daniel Patrick Hunt*
One of the Attorneys for Plaintiffs

MECKLER BULGER TILSON MARICK & PEARSON LLP

DATED: July 23, 2012         *s/ Jason E. Barsanti*
One of the Attorneys for Defendant
CARGILL MEAT SOLUTIONS CORP.

**ORDER**

IT IS HEREBY ORDERED that the Stipulated Protective Order is APPROVED.

IT IS SO ORDERED.

Dated:   **July 27, 2012**              **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

13
STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Barbosa, et al. v. Cargill Meat Solutions Corp.*, Case No. 1:11-cv-00275-OWW-SKO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
    [printed name]

Signature: _____
    [signature]